**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

INES GIERKE, a U.S. Citizen,
Calle Jorge Vanderghen 336
Miraflores
Lima, Peru
00018

and

YAACOV SIMON GOMBEROFF, her husband.
Calle Jorge Vanderghen 336
Miraflores
Lima, Peru
00018

Plaintiffs,

v.

MARCO RUBIO, in his official capacity as U.S. Secretary of State

Serve: Executive Office of the Legal Adviser
Suite 5.600
600 19th Street NW
Washington DC 20522

TODD BLANCHE, Acting U.S. Attorney General

Serve: U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530

JOSIE PAPENDICK, Director of the National Visa Center

Serve: Executive Office of the Legal Adviser
Suite 5.600
600 19th Street NW
Washington DC 20522

Defendants

## COMPLAINT

COME NOW Plaintiffs, Ines Gierke and her husband, Yaacov Simon Gomberoff, through undersigned Counsel, to request that this Honorable Court issue a writ of mandamus compelling Defendants to complete the adjudication of Yaacov Simon Gomberoff's long-delayed immigrant visa application.

## JURISDICTION

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and causes of action under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 et seq., in conjunction with the Mandamus Act, 28 U.S.C. § 1361.
2. 8 U.S.C. §1252(a)(5), INA §242(a)(5), provides that "a petition for review filed with an appropriate court of appeals in accordance with this section, shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act[.]" As the present action is not an action to review a removal order but an action challenging an unreasonably long delays in the adjudication of a DS-260 immigrant visa application, this Honorable Court retains original jurisdiction under the APA and 28 U.S.C. §1331.

## VENUE

3. Venue is proper pursuant to 28 U.S.C. § 1391(e)(1) because (1) Defendants are agencies of the United States or officers or employees thereof acting in their official capacity or under color of legal authority; (2) no real property is involved in this action, and; (3) the Defendants all maintain offices within this district.
4. This Honorable Court is competent to adjudicate this case, notwithstanding the doctrine of consular non-reviewability, *see* United States ex rel. Knauff v. Shaughnessy, 338 U.S. 537 (1950), because Defendants have not made any decision in regard to Mr. Gomberoff's

immigrant visa application.

## PARTIES

5. Plaintiff, Ines Gierke, is a citizen of the United States residing in Peru.
6. Plaintiff, Yaacov Simon Gomberoff, is a citizen and resident of Peru and husband of Ines Gierke.
7. Defendant Marco Rubio is the Secretary of State, and this action is brought against him in his official capacity only, as well as his successors and assigns. He is charged with overseeing the Department of State (DOS), which includes the National Visa Center and U.S. Embassy and U.S. Consulate operations worldwide. He is further authorized to delegate certain powers and authority to subordinate employees of DOS. DOS is headquartered at 2201 C Street, N.W., Washington, DC 20520.
8. Defendant, Todd Blanche, is the Acting Attorney General of the United States, whose office address is U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530.
9. Defendant Josie Papendick is sued in her official capacity as the Director of the National Visa Center. The National Visa Center (NVC) is a processing center operated by DOS' Bureau of Consular Affairs. NVC is tasked with requesting from applicants the immigrant visa application and all supporting documents. NVC holds applicants' petitions and all documentation until an applicant's immigrant visa interview can be scheduled at a U.S. Embassy or Consulate. As Director of the NVC, Ms. Papendick is responsible for overseeing the immigrant visa process and collection of documents. The physical address of NVC is 32 Rochester Ave, Portsmouth, NH 03801.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

10. Ines Gierke, as a U.S. citizen, is the immigrant via petitioner for Yaacov Simon Gomberoff's immigrant visa application (*See* Group Exhibit A).

11. Under federal immigration law, Yaacov Simon Gomberoff is an immediate relative immigrant visa applicant through his United States citizen wife, Ines Gierke.

12. Yaacov Simon Gomberoff is a citizen of Peru.

13. Ines Gierke filed a visa petition for her husband, Yaacov Simon Gomberoff, with United States Citizenship and Immigration Services (USCIS), which was received by the agency on December 6, 2021 (*See* Group Exhibit B).

14. On or about March 31, 2023, USCIS approved Yaacov Simon Gomberoff's visa petition (Application # IOE-09-144-9311) and forwarded the approved petition to the National Visa Center, a division of the DOS, for processing. *Id*.

15. On March 31, 2023, NVC contacted undersigned Counsel via email to initiate the immigrant visa process under Case Number: LMA2023590014 (*See* Group Exhibit C).

16. On February 7, 2024, Yaacov Simon Gomberoff filed Form DS-260, Application for Immigrant Visa and Alien Registration, with DOS. *Id*.

17. Plaintiffs paid, and Defendants accepted, all applicable filing and visa fees.

18. On February 20, 2024, NVC issued a message on its site stating that the income reported on Form I-864, Affidavit of Support, was insufficient. Another message was issued on the same day requesting Ines Gierke's proof of domicile in the United States (*See* Group Exhibit D).

19. On May 31, 2024, Plaintiffs uploaded the required evidence to NVC's website, per standard procedure in family-based cases. Outstanding evidence is usually mailed to NVC in employment-based immigrant visa processes.

20. Plaintiffs have been waiting for the scheduling of Mr. Gomberoff's immigrant visa interview.

21. On April 10, 2026, NVC sent an email with the subject line "First Termination letter" to all parties stating: "Our records show that we previously contacted you with instructions for completing your immigrant visa application, and that you have not responded or acted on your case in more than one year." (*See* Group Exhibit E). The instructions in the email also instructed the partied that they wanted to continue processing the case, they had to log onto the CEAC website to restart the case. None of the parties logged onto the site.

22. Plaintiffs were flabbergasted after having received this email, since they were under the impression that the case was complete.

23. On April 13, 2026, NVC sent an email reinstating Mr. Gomberoff's case, even though no one had formally requested reinstatement of the case. The email also stated: "Please be aware that since it has been more than one year since you or your agent contacted the NVC, all of the fees, forms, and documents that you submitted have now expired. You will need to repay your immigrant visa fees and send updated documents and forms." *Id*.

24. As a result of the reinstatement, NVC's website has been reset and all the evidence previously uploaded by the Plaintiffs is no longer visible or accessible. *Id*. Plaintiffs can no longer establish that they complied with NVC's missing documents and uploaded the requested evidence.

25. Mr. Gomberoff's prior DS-260 immigrant visa application is also no longer accessible and must be resubmitted.

26. The visa fees, that were previously paid, also must be paid again.

27. Plaintiffs have been awaiting the scheduling of the immigrant interview since the requested

evidence was uploaded to the website at the end of May 2024. \

28. Plaintiffs did not act on their case because they had no reason to believe that any further evidence was outstanding.

29. Plaintiffs have been severely prejudiced by NVC's action to reset their case, basically forcing them to start from "zero" again, after waiting for the scheduling of the immigrant visa interview for almost two years.

30. It is not fair to Plaintiffs to force them to restart the immigrant visa process.

**FIRST CLAIM FOR RELIEF**

**(Government action Unlawfully Withheld and Unreasonable Delayed)**

For their first claim for relief against all Defendants, Plaintiffs allege and state as follows:

31. Plaintiffs reallege and incorporate by reference the foregoing paragraphs as though fully set out herein.

32. The APA requires that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). Section 555(b) creates a non-discretionary duty to conclude agency matters.

33. The APA provides that a person adversely affected by agency action is entitled to judicial review. *See* 5 U.S.C. § 702. A reviewing court "shall compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

34. Under the facts set out in this Complaint, the Plaintiffs' immigrant visa process has been unreasonably delayed for almost two years and now, they are being forced to restart the process from the onset.

35. During this period awaiting the scheduling of the immigrant visa interview, Plaintiffs have

suffered multiple hardships. Plaintiffs have been forced to wait in Peru, complicating their business, investment, and travel plans, and preventing them from moving to the United States and starting their lives here.

36. There are no alternative adequate or reasonable forms of relief available to Plaintiffs.

37. Plaintiffs seek an order from this Honorable Court directing Defendants to complete all necessary steps to complete the adjudication of their DS-260 immigrant visa application within a set deadline, or in the alternative, ordering the government to expedite the processing of the Plaintiff's immigrant visa application once all the forms are resubmitted.

**SECOND CLAIM FOR RELIEF**

(Violation of Right to Due Process of Law)

For their second claim for relief against all Defendants, Plaintiffs allege and state as follows:

38. Plaintiffs reallege and incorporate by reference the foregoing paragraphs as though fully set out herein.

39. The right to fundamental fairness in administrative adjudication is protected by the Due Process Clause of the Fifth Amendment to the United States Constitution. Plaintiffs may seek redress in this Court for Defendants' combined failures to provide a reasonable and just framework of adjudication in accordance with applicable law.

40. The combined delay by Defendants has violated the due process rights of Plaintiffs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, Ines Gierke and Yaacov Simon Gomberoff, respectfully request the following relief:

1. That this Honorable Court assume jurisdiction over this action;
2. That this Honorable Court issue a writ of mandamus compelling Defendants to promptly complete all administrative processing within sixty (60) days;
3. Award Plaintiff reasonable attorney's fees and costs as provided under the Equal Access to Justice Act, 28 U.S.C. § 2412;
4. Grant such further relief as the Court deems necessary or proper.

RESPECTFULLY SUBMITTED,
This 7th day of August 2026

**/s/ Larry S. Rifkin, Esq.**

**DC Bar ID#: FL0013**
**RIFKIN & FOX-ISICOFF, P.A.**
**1110 Brickell Avenue, Suite 600**
**Miami, Florida 33131**
**(O) 305-371-2777**
**(F) 305-375-9517 (Fax)**
**Lsrifkin@rifkinfox.com**

**ATTORNEY FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

**/s Larry S. Rifkin, Esq.**
**DC Bar ID#: FL0013**
**RIFKIN & FOX-ISICOFF, P.A.**
**1110 Brickell Avenue, Suite 600**
**Miami, Florida 33131**
**305-371-2777**
**305-375-9517 (Fax)**
**Lsrifkin@rifkinfox.com**

**SERVICE LIST**
**Ines Gierke and Yaacov Simon Gomberoff versus Marco Rubio, Secretary of State, et. al.**

Larry S. Rifkin, Esq.
Lsrifkin@rifkinfox.com
RIFKIN & FOX-ISICOFF, P.A
1110 Brickell Avenue, Suite 600
Miami, Florida 33131
305-371-2777
305-375-9517 (Fax)
Attorney for Plaintiff

United States Attorney's Office
601 D Street, NW
Wahington, DC 20530
(202) 252-7566
Attorney for Defendants